

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2005

# Turner v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Turner v. Apker" (2005). *2005 Decisions.* Paper 1029.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1029

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1141
_____

QUINCY TURNER,
Appellant

v.

CRAIG APKER, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-01251)
District Judge: Honorable Thomas I. Vanaskie

_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2005

BEFORE: SLOVITER, BARRY and FISHER, <u>CIRCUIT JUDGES</u>

(Filed June 10, 2005)

_____

OPINION
_____

PER CURIAM

Quincy Turner, pro se, appeals from two orders of the United States District Court

for the Middle District of Pennsylvania dismissing his habeas petition filed pursuant to 28

U.S.C. § 2241 for lack of jurisdiction and denying his motion for reconsideration. We will affirm.

In 1996, in the United States District Court for the Eastern District of Pennsylvania, Quincy Turner was convicted of conspiracy and several counts of cocaine base distribution in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). He was sentenced to two hundred thirty-five months imprisonment, five years supervised release and a five hundred dollar special assessment. On appeal, this Court affirmed his conviction and sentence. See C.A. No. 96-1660. In 1998, Turner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits. In 2001, he filed an application to file a second or successive § 2255 motion, which was also denied. See C.A. No. 01-2442.

In June 2004, Turner, who is incarcerated at L.S.C.I. Allenwood, filed the instant petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania. In his petition he claims that he is "actually innocent" of distributing the quantity of cocaine that was the basis for his sentence and that he should have been sentenced based on the jury's finding of an indeterminate amount. The Magistrate Judge recommended that the petition be dismissed for lack of jurisdiction because the relief Turner seeks is only available through a § 2255 motion. Turner filed a response to the Magistrate Judge's Report and Recommendation in which he agreed that the Middle District lacked jurisdiction and requested a transfer to the Eastern District. The District Court adopted the Magistrate

2

Judge's Report and Recommendation and dismissed Turner's petition. Turner filed "objections" to the District Court's order, which the District Court construed as a motion for reconsideration and denied. Turner appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of a § 2241 petition is plenary. See Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004).

We agree with the District Court that it lacked jurisdiction to consider Turner's § 2241 petition. A § 2241 petition may not be used to challenge a conviction or sentence unless a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." See 28 U.S.C. § 2255. The nature of Turner's claim places his petition squarely within the scope of § 2255 and, therefore, renders his § 2241 petition, in effect, a second or successive § 2255 motion subject to the gate-keeping restrictions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The mere fact that AEDPA may prevent his use of § 2255 does not render it inadequate. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002).

Our review of the District Court's denial of Turner's motion for reconsideration is for abuse of discretion. See Penn W. Assoc. v. Cohen, 371 F.3d 118, 124 (3d Cir. 2004). Turner presented nothing persuasive to controvert the District Court's dismissal of his petition and merely sought to rehash the same issues. The District Court, therefore, properly denied his motion for reconsideration.

3

Accordingly, we will affirm the District Court's orders dismissing Turner's § 2241 petition and denying his motion for reconsideration.